IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 06 CR 50007 |
| vs. ) | |
| ) | Magistrate Judge |
| LONNIE MORRIS, ) | P. Michael Mahoney |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant's Motion for Discovery. For the reasons stated below, Defendant's Motion is denied.

I. **History**

On June 2, 2005, the Rockford Police Department/Winnebago County Sheriff's Police Department Metro Narcotics Unit ("Metro") executed a state search warrant at Defendant's residence located at 707 Albert Avenue, Rockford, Illinois. Two affidavits were written by Metro Detective Rich Gambini and submitted to a state judge in support of the complaint for search warrant for that residence. In those affidavits, dated May 18, 2005 and June 2, 2005, Detective Gambini referred to the following:

(1) a May 2005 anonymous concerned citizen reports of suspected drug activity at 707 Albert Avenue;

(2) periodic surveillance of 707 Albert Avenue by Sergeant Welsh, Detective Swanson, and Detective Gambini that indicated illegal narcotic sales;

1

(3) a confidential informant who made a controlled purchase of heroin from the Defendant by driving to 707 Albert Avenue, conversing with a black male in the driveway of 707 Albert Avenue, then meeting said individual at another location a few minutes later for an exchange;

(4) the same confidential informant's statement to Detective Gambini that "Lonnie D" told him/her he resides at 707 Albert Avenue and is always available to provide heroin to him/her;

(5) Deputy Cunningham's observation that the man making the exchange with the confidential informant was Lonnie Morris, based on prior dealings;

(6) evidence of a prior August 3, 2004 search warrant being issued based on information indicating Lonnie D. Morris was selling illegal narcotics from his residence that led to a subsequent arrest and charges;

(7) details of a May 18, 2005 trash recovery at 707 Albert Avenue that revealed 286 cut plastic baggies and empty Dormin drug capsules that tested positive for presence of heroin, and letters to Tamica Wilson at 707 Albert Avenue; and

(8) details of a June 2, 2005 trash recovery at 707 Albert Avenue that revealed several hundred cut plastic baggies and empty Dormin drug capsules that tested positive for presence of heroin, as well as letters addressed to Lonnie Morris at 2218 Chestnut Street and letters to Tamica Wilson at 707 Albert Avenue.

(Def.'s Mtn., at Ex. 1).

Defendant, Lonnie Morris, asserts that false information is contained in the May 18, 2005 affidavit and now moves to compel discovery to prepare pre-trial suppression motions relating to the search at 707 Albert Avenue and to obtain a *Franks* hearing. Defendant specifically moves to compel the identity of the confidential informant described in the May 18, 2005 affidavit

attached to the June 2, 2005 complaint for search warrant in his case, as well as the identities of any confidential informant who may be called to testify at trial or hearing regarding his case and production reports summarizing information given by said informants. Defendant also moves to compel production of all physical evidence in his case.

## II. Identity of Confidential Informants Including the Confidential Informant Described in a May 18, 2005 Affidavit

Defendant asserts that information contained in the May 18, 2005 affidavit attributed to a controlled buy informant is untrue. Defendant denies that he told anyone that he resided at 707 Albert Avenue, Rockford, Illinois, and is always available to provide heroin. (*See* Affidavit of Lonnie Morris, at para 2). In order to allow him to secure the evidence needed for an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), Defendant asserts the identity of the confidential informant referred to in the May 18, 2005 affidavit must be disclosed to him so that he can show that untrue statements were either knowingly and intentionally, or with reckless disregard for the truth, included in the affidavit in support of the complaint for search warrant in his case. Defendant also moves to compel the identities of any confidential informant who may be called to testify at trial or hearing regarding his case and production reports summarizing information given by said informants.

In support of his Motion, Defendant provides the Affidavit of Antwon Ashford, who Defendant believes is the controlled buy confidential informant cited in the May 18, 2005 affidavit. Ashford's Affidavit states that he never knew Lonnie Morris lived at 707 Albert Ave. and never relayed this information to Detective Gambini. (*See* Affidavit of Antwon Ashford, at para. 6). Defendant also provides his own Affidavit stating that he never uttered the words

3

attributed to him by the confidential informant to any person. (*See* Affidavit of Lonnie Morris, at para. 2). Believing that the statement attributed to the controlled buy confidential informant was necessary to establish probable cause for the issuance of the June 2, 2005 search warrant, and further believing that the affidavit contained false information, Defendant maintains he is entitled to obtain discovery to make a preliminary showing under *Franks*.

In response, the United States asserts that Antwon Ashford's Affidavit is irrelevant to Defendant's Motion because Ashford is the not the confidential informant described in the May 18, 2005 affidavit. (Response, at 2-3). The United States further responds that Defendant has failed to make any factual showing that Detective Gambini intentionally or recklessly lied in his affidavits. At the most, the United States argues that Defendant offered evidence that a third party lied to Detective Gambini, which is not evidence that supports a *Franks* violation, citing *United States v. Jones*, for the proposition that the "fact that a third party lied to the affiant, who in turn included the lies in a warrant affidavit, does not constitute a *Franks* violation. A *Franks* violation occurs only if the affiant knew the third party was lying, or if the affiant proceeded in reckless disregard of the truth." 208 F.3d 603, 607 (7th Cir. 2000)(citations omitted). Further, it is the government's position that Defendant has failed to make the required showing to overcome the confidential informant privilege such that it should have to disclose any information about any confidential informant used or consulted by law enforcement officers in this case.

The confidential informant privilege is a limited privilege that protects an informant's identity and any communications with the government that may tend to expose the identity of an informant. The test for overcoming the confidential informant privilege is rooted in *Roviaro v. United States*, and further discussed by the Seventh Circuit in *United States v. Valles*. 353 U.S.

53 (1957); 41 F.3d 355 (7th Cir. 1994).[1] "While a defendant can overcome the confidential informant privilege by demonstrating a need for the information, he bears this burden in the face of an assumption that the privilege should apply." *Valles*, 41 F.3d at 358 (citations omitted). The confidential informant privilege "will not yield to permit a mere fishing expedition, nor upon bare speculation that the information may possibly prove useful."[2] *Id.* (citations omitted).

Instead of applying a fixed rule with respect to disclosure of confidential sources, such as requiring disclosure whenever the informer's testimony is relevant and helpful to the defense, the Supreme Court found a balancing test was necessary to balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro*, 353 U.S.

---

[1] The court notes that the standard for disclosure of an informant's identity for purposes of pre-trial suppression motions is higher than at trial, when the issue is the defendant's innocence or guilt. *United States v. McDonald*, 723 F.2d 1288 (7th Cir. 1983)(citing *United States v. Edge*, 444 F.2d 1372, 1375 (7th Cir. 1971)), *cert. denied*, 404 U.S. 855 (1971); *see also McCray v. Illinois*, 386 U.S. 300, 312 (1967).

[2] Courts in the Seventh Circuit considering compelling a confidential informant's identity have routinely denied disclosure where the Defendant's request for disclosure is unsubstantiated by evidence other than the Defendant's word. *United States v. Lozada*, 1993 WL 384519, at *8 (N.D. Ill. Sep. 28, 1993)("The Seventh Circuit has consistently held defendants to their burden, requiring real substantiation before revoking the informer's privilege."). For example, in *United States v. Brown*, an unpublished Opinion, the Seventh Circuit noted that mere claims by a defendant that the government manufactured the existence of confidential informants, or that the confidential informants were lying, were conclusory statements and insufficient to require the government to reveal the identity of confidential informants. 41 Fed.Appx. 866, 870 (7th Cir. 2002). Likewise, in *Kampinen v. Individuals of Chicago Police Dept.*, the court stated it was not inclined to waive confidentiality based upon speculation that evidence might assist a case and pure conjecture on the identity of informants. No. 00 C 5867, 2002 WL 238443, at *3 (N.D. Ill. Feb. 19, 2002). Similarly, in *United States v. Hornick*, the Seventh Circuit noted that it was "altogether too easy" to obtain an informant's identity if all that is need is an affidavit of a friend coupled with counsel's word. 815 F.2d 1156, 1158 (7th Cir. 1987). There, the court speculated that "perhaps a demonstration that only four people were privy to [a defendant's] dealings, coupled with affidavits from each, would require the prosecutor to demonstrate to the judge *in camera* that the informant was some other (real) person," but declined to speak further on the necessary showing. *Id.*

at 62. Thus, "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way" and the court must balance the conflicting interests. *Roviaro*, 353 U.S. at 60-62. In *Valles*, the Seventh Circuit discussed the *Roviaro* balancing test, noting that in determining whether to order disclosure, courts should consider "the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors." *Valles*, 41 F.3d at 358 (quoting *Roviaro*, 353 U.S. at 62).

In this case, it is not self-evident that disclosure of the confidential informant's identity or identities is relevant or helpful to Defendant's case. Relevancy of the confidential source's identity is intertwined with Defendant's likelihood of success under *Franks v. Delaware*, which sets forth the standard for obtaining a hearing to challenge the validity of an affidavit supporting a search warrant. Under *Franks*,

> [t]here is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. **Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.**

438 U.S. 154, 171-72 (1978)(emphasis added).

It is this court's opinion that Defendant's likelihood of obtaining a *Franks* hearing is limited because there has been no showing that the allegedly false statement contained in the affidavit was necessary to the finding of probable cause. Even giving Defendant the benefit of the doubt that the confidential informant would testify that he or she never told Detective Gambini that "Lonnie D" told him/her that he resides at 707 Albert Avenue and is always available to provide heroin to him/her, the affidavits could be sufficient to establish probable cause. An anonymous concerned citizen reported suspected drug activity at 707 Albert Avenue; periodic surveillance of 707 Albert Avenue by Sergeant Welsh, Detective Swanson, and Detective Gambini indicated illegal narcotic sales; a confidential informant did make a controlled purchase of heroin from a black male coming from 707 Albert Avenue; Deputy Cunningham observed that the man making the exchange with the confidential informant was Lonnie Morris, based on prior dealings; Detective Gambini knew a prior August 3, 2004 search warrant was issued based on information indicating Lonnie D. Morris was selling illegal narcotics from his residence that led to a subsequent arrest and charges; and finally, two separate trash pulls at 707 Albert Avenue (May 18, 2005 and June 2, 2005) revealed large quantities of items typically used for drug distribution that tested positive for presence of heroin, as well as letters addressed to Lonnie Morris at 2218 Chestnut Street and letters to Tamica Wilson at 707 Albert Avenue. (Def.'s Mtn., at Ex. 1).

It seems to this court that these facts were "sufficient to induce a reasonable prudent person to believe" that a search at 707 Albert Avenue would uncover evidence of a crime. *United States v. McNeese*, 901 F.2d 585, 592 (7th Cir. 1990)(discussing standard for probable

cause). Thus, Defendant's likelihood of success under *Franks* is minimal, even if the confidential informant testifies in his favor, which is not a surety.[3] Accordingly, Defendant may have even failed to trigger a balancing test by failing to show that "informer's testimony is relevant and helpful" to his defense. *Roviaro*, 353 U.S. at 60-62.

However, assuming Defendant has demonstrated some need for information about the confidential informant in his case that is sufficient to overcome the confidential informant privilege, justice still tips the scale in favor of confidentiality. Given the very limited relevancy of the confidential informant's identity to Defendant's case, this court finds in favor of the public's interest in protecting the identity of a confidential informant, which is very strong under the circumstances. As noted by the Seventh Circuit before, "not many people want to become police informants in light of the violence within the drug subculture. Drug dealers are not known for treating informers with compassion." *United States v. Bender*, 5 F.3d 267, 270 (7th Cir. 1993).

Therefore, the minimal benefit of disclosure to Defendant gives way to the strong interest in protecting the identity of confidential informants. Motion for disclosure of informant identity/identities is denied.

## III. Physical Evidence

Defendant moves to compel production of all physical evidence in his case. The court accepts the government's offer to produce all of the physical evidence collected in this case for inspection in a government office by defense counsel at a reasonable date and time to be agreed

---

[3]In addition, the court notes that Defendant can move for a *Franks* hearing without confidential informant testimony.

upon by counsels. (Resp., at 2 n.1).

IV. **Conclusion**

For the foregoing reasons, Defendant's Motion for Discovery is denied. The government will produce the physical evidence collected in this case for inspection in a government office by defense counsel at a reasonable date and time to be agreed upon by counsels.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 7/25/06

9